UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAI BERNARDO ALKEBU-LAN,<br><br>Plaintiff,<br><br>v.<br><br>LISA HAZELWOOD, et al.,<br><br>Defendants. | Case No. 21-cv-06063-JST<br><br>**ORDER TO SHOW CAUSE WHY LEAVE TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED**<br><br>Re: ECF No. 4 |

Plaintiff, a person incarcerated at California Men's Colony in San Luis Obispo, California, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. He has requested leave to proceed *in forma pauperis*. ECF No. 4. For the reasons set forth below, the Court orders Plaintiff to show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915(g).[1]

**DISCUSSION**

**I.    28 U.S.C. § 1915(g)**

This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA"), which provides that an incarcerated person may not bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the [incarcerated person] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the [incarcerated person] is under imminent danger of serious

---

[1] This order was originally incorrectly docketed in C No. 21-cv-06249-JST, *Shai Alkebu-Lan v. Zachary Brown et al.* ("*Alkebu-Lan II*"), on October 22, 2021. *Alkebu-Lan II*, ECF No. 16 (Oct. 22, 2021). *Alkebu-Lan II* was closed as filed in error because it was duplicative of this case. *Alkebu-Lan II*, ECF No. 17.

physical injury." 28 U.S.C. § 1915(g). For purposes of a dismissal that may be counted under Section 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for Section 1915(g) purposes.

The plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). The conditions that existed at some earlier or later time are not relevant. *See Andrews II*, 493 F.3d 1047 at 1053 & n.5 (post-filing transfer of incarcerated person out of prison at which danger allegedly existed may have mooted request for injunctive relief against alleged danger, but did not affect Section 1915(g) analysis). The court "should not make an overly detailed inquiry into whether the allegations qualify for the [imminent danger] exception." *Andrews II*, 493 F.3d at 1055. It is sufficient if the complaint "makes a plausible allegation that the [incarcerated person] faced 'imminent danger of serious physical injury' at the time of filing." *Id*.

*Andrews* implicitly allows the Court to *sua sponte* raise the issue of Section 1915(g), but requires the Court to notify the incarcerated person of the earlier dismissals it considers to support a Section 1915(g) dismissal and allow the incarcerated person an opportunity to be heard on the matter before dismissing the action. *Andrews*, 398 F.3d at 1120. The burden then shifts to the [incarcerated person], who must explain why a prior dismissal should not count as a strike. *Id*. A dismissal under Section 1915(g) means that an incarcerated person cannot proceed with his action *in forma pauperis* under Section 1915(g). However, the incarcerated person may still pursue his claims if he pays the full filing fee at the outset of the action.

**II.     Complaint**

Plaintiff commenced this action by mailing the complaint to the Court on or about July 22,

2021.[2] He has named as defendants Board of Parole Hearing ("BPH") psychologists Lisa Hazelwood and Emily Wiznewski; BPH commissioners Troy Taira and Nga Lam; Correctional Training Facility Soledad correctional officer Zachary Brown; and California Deputy Attorney General Anthony Tartaglio. ECF No. 1 at 2. Plaintiff alleges that Defendants are responsible for the BPH's 2021 denial of his petition for relief due to COVID-19. *See generally* ECF No. 1. Plaintiff requests monetary damages, that the BPH decision be reviewed, and that Defendants be terminated for conspiring to conceal exhausted grievances and for manipulating the courts. *See* ECF No. 1 at 3, 12-13.

### III.  Prior Strikes

In *Alkebu-Lan v. Kane, et al.*, Case No. 06-5991 CW ("*Alekebu-Lan I*"), Plaintiff was denied leave to proceed *in forma pauperis* on the grounds that he previously had three cases dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief could be granted. *Alkebu-Lan I*, ECF No. 17, Order of Dismissal (Aug. 25, 2009). The *Alkebu-Lan I* court identified the following three cases as qualifying cases: (1) *Alkebu-Lan v. Hall, et al.*, C.D. Cal. No. 03-cv-0702 UA-CT (C.D. Cal. Feb. 5, 2003) (dismissed as frivolous); (2) *Alkebu-Lan v. Lewis, et al.*, E.D. Cal. No. 03-cv-5013-REC-LJO-P (E.D. Cal. May 29, 2003) (dismissed for failure to amend and for failure to state a claim); and (3) *Alkebu-Lan v. Kane, et al.*, N.D. Cal. No. 05-cv-5069 CW (N.D. Cal. Jun. 12, 2006) (dismissed for failure to state a claim). *Id.*

The Court has independently reviewed these cases and finds that these cases constitute strikes pursuant to Section 1915(g).

In *Alkebu-Lan v. Hall, et al.*, C.D. Cal. C No. 03-cv-0702, the court denied Plaintiff's application to proceed without prepayment of the full filing fee on the grounds that the complaint's claim that defendants had manufactured a riot by prison staff to have Plaintiff killed

---

[2] In determining when a Section 1983 suit filed by a pro se incarcerated person is filed, the "mailbox" rule applies. *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009). A Section 1983 complaint is considered to be filed on the date an incarcerated person delivered it to prison authorities for forwarding to the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988). It appears from the envelope that Plaintiff gave the complaint to a correctional official for mailing on July 22, 2021. ECF No. 1 at 14.

3

and had assigned Plaintiff psychotropic drugs as part of a criminal enterprise was "legally and/or factually patently frivolous." *Alkebu-Lan v. Hall, et al.*, C.D. Cal. No. 03-cv-0702 UA-CT, "Order Re Leave to File Action Without Prepayment of Full Filing Fee" (Feb. 5, 2003, ECF No. 2).

In *Alkebu-Lan v. Lewis, et al.*, E.D. Cal. No. 03-cv-5013-REC-LJO-P, the court found that the complaint's claim that Plaintiff's constitutional rights were violated because he was placed in administrative segregation based on an erroneous rules violation report was not cognizable because it failed to state either a cognizable due process claim or a claim for conspiracy, and also noted that these claims were likely barred by *Heck*. *Alkebu-Lan v. Lewis, et al.*, E.D. Cal. No. 03-cv-5013-REC-LJO-P, "Order Dismissing Complaint, with Leave to Amend" (Feb. 27, 2003, ECF No. 9). Plaintiff was granted leave to amend the complaint but failed to file an amended complaint. The court dismissed this action for failure to file an amended complaint and for failure to state a claim. *Alkebu-Lan v. Lewis, et al.*, E.D. Cal. No. 03-cv-5013-REC-LJO-P, "Order Adopting Findings and Recommendations, Order Dismissing Action, Order Directing Clerk to Administratively Close Case" (May 29, 2003, ECF No. 11).

In *Alkebu-Lan v. Kane, et al.*, N.D. Cal. No. 05-cv-5069-CW, the court found that the complaint's claim that he was falsely accused of violating a non-existent prison chrono failed to state a cognizable due process claim, and barred by *Heck*. *Alkebu-Lan v. Kane, et al.*, N.D. Cal. No. 05-cv-5069 CW, Order of Dismissal and Denying In Forma Pauperis Status (Jun. 12, 2006, ECF No. 9). The court dismissed this action without leave to amend for failure to state a claim and without prejudice to filing a new complaint for damages if and when he satisfied the *Heck* requirements. *Id.*

IV.  **Analysis**

The complaint in the instant action does not allege that Plaintiff is in imminent danger of serious physical injury as of July 22, 2021, the date he filed this action. Plaintiff has filed a pleading that appears to respond to the Order to Show Cause docketed in *Alkebu-Lan II*. ECF No. 9. In this pleading, he argues that he should not be denied leave to proceed *in forma pauperis* because he is in imminent danger of serious physical injury as follows:

4

> Since 6-8-2017, Plaintiff has been <u>and is</u> in imminent danger of murder, given psychotropic drugs (not warranted for his medical needs), stalked and conspired against by (ISU) Investigative Service Unit Guards M. Daguio, C. Bravo, and Z. Brown. This resulted in: (a) Plaintiff, being placed in a mental health facility for thoughts of suicide, Los Angeles County Sheriff's Department filing, granting, sustaining and upholding the rape charge against the aforementioned guards as evidence from (OTC) records (medical) L.A. County Men's Jail and Appendice 1, exhibits -1 and 2; and (b) Appendice II, 4-27-2021 (BPH) Board of Prison Hearings transcripts have indicated this conspiracy has been a "meeting of the minds" to target, and intentionally deny Plaintiff parole via collaborations with state psychologists Lisa Hazelwood and Emily Wiznewski whom both used the 2015 psych report to determine the 2021 psych report which targets and marks Plaintiff for death via imprisonment through the denials of the board, whereby (c) Troy Taira and Nga Lam have intentionally made errors of fact and errors of law, (a life sentence) as the BPH's denials are designed to increase imprisonment and the chances to be placed in life/death and imminent dangerous situations which include prison riots, false write up and (D.A.) district attorney referrals increasing loss of life.
>
> Further, the imminent danger continues because now the psychologists, officers, Monterey Sheriff's Dept. have worked together to undermine (PREA) Prison Rape Elimination Act – and <u>not</u> address the issues for four years. Yet to the present – Plaintiff has been targeted with two CDC-128B Information Chronos for a burned out pot (which I exchanged); and this resulted in stacking charges that threaten Plaintiff's parole, and the guards at CMC-East threatening his life for appealing the charges.
>
> Therefore, Plaintiff is in imminent danger, his serious physical, psychological, and emotional injury. All the evidence must be reviewed, and every document from 2017-present must be taken as true considering, since the rape, all the retaliation is well documented by law enforcement, the Monterey County Rape Crisis Center, PREA and the Public Defenders of San Luis Obispo County.

ECF No. 9 at 2-4 (emphasis in original).[3]

Plaintiff has not plausibly alleged that he was at imminent risk of serious physical injury on July 22, 2021.

Although Plaintiff claims to have been in imminent danger of serious physical injury for the past four years, due to an incident on June 8, 2017, caused by Correctional Training Facility ("CTF")[4] prison officials M. Daguio, C. Bravo, and Z. Brown, Plaintiff has not reported any

---

[3] Despite this pleading's references to exhibits, no exhibits were filed with the pleading or in the record.

[4] Although ECF No. 9 does not specify where M. Daguio, C. Bravo, and Z. Brown work, Plaintiff's prior suit, C No. 18-6010 WHA, *Alkebu-Lan v. Koening, et al.* ("2018 *Alkebu-Lan*

5

physical injury since 2017. Moreover, Plaintiff is no longer housed at CTF.

Plaintiff's claim that CMC-East prison officers threatened his life for appealing the disciplinary violations for having a burnt pot also fails to plausibly allege that he faced imminent danger of serious physical injury at the time of filing. Even assuming the plausibility of these claims, it is unclear when these threats occurred. In addition, the Court notes that Plaintiff's lawsuits have repeatedly alleged an ongoing conspiracy spanning years and prisons, starting from forced administration of psychotropic drugs and rape in 2017 and continuing with threats on his life, issuance of retaliatory and unsupported disciplinary violations, and unsupported parole denials. At least two courts have found these allegations to be frivolous. *See Alkebu-Lan v. Hall, et al.*, C.D. Cal. No. 03-cv-0702 UA-CT, "Order Re Leave to File Action Without Prepayment of Full Filing Fee" (Feb. 5, 2003, ECF No. 2); 2018 *Alkebu-Lan* Case, ECF No. 36-1 at 97-99 (Oct. 16, 2018 Monterey Cty. Sup. Ct. Order Denying Petition for Writ of Habeas Corpus) ("Here, petitioner raises a horrific allegation of sexual assault by a group of prison guards. However, this alleged event occurred over a year before he filed this petition, and the motives he ascribes to the perpetrators are both illogical and inconsistent with other evidence in the record . . .[P]etitioner fails to meet his burden of production."). Given this litigation history, the unclear timing of the alleged threats, and the uncertainty as to the plausibility of such threats, the Court finds that this general allegation does not makes a plausible allegation that Plaintiff faced imminent danger of serious physical injury at the time of filing.

Finally, Plaintiff's general claim that being imprisoned places him at higher risk for serious physical injury does not reasonably allege imminent danger to Plaintiff himself. At best, such a claim establishes that there is always potential danger of serious physical injury for all incarcerated persons. A finding that imprisonment itself constitutes imminent danger of serious physical injury would effectively nullify Section 1915(g) because it would allow all incarcerated persons to avoid the three strikes bar set forth in Section 1915(g).

In light of the strikes listed above and because it does not appear that Plaintiff was under

---

Case") specified that M. Daguio, C. Bravo, and Z. Brown work (or worked) at Correctional Training Facility in Soledad, California. 2018 *Alkebu-Lan* Case, ECF No. 1.

imminent danger of serious physical injury when he filed this action, Plaintiff is ORDERED TO SHOW CAUSE in writing within **twenty-eight days** of this order why his *in forma pauperis* application should not be denied. In the alternative, he may pay the full filing fee of $402.00 by the deadline.

## CONCLUSION

Accordingly, within **twenty-eight (28) days** of the date of this order, Plaintiff shall show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915. In the alternative, he may pay the $402.00 filing fee in full. Failure to respond in accordance with this order will result in dismissal of this action without further notice to Plaintiff pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a court order.

**IT IS SO ORDERED.**

Dated: January 3, 2022



JON S. TIGAR
United States District Judge